2007 UT 37

**Julie TSCHAGGENY, Plaintiff
and Appellant,**

**v.**

**MILBANK INSURANCE COMPANY
and Does 1 through 5, inclusive,
Defendants and Appellees.**

No. 20050744.

Supreme Court of Utah.

April 27, 2007.

Rehearing Denied June 13, 2007.

Steve S. Christensen, Robert J. Labrum, Travis R. Terry, Salt Lake City, for plaintiff.

John R. Lund, Robert W. Thompson, Salt Lake City, for defendant Milbank.

PARRISH, Justice:

## INTRODUCTION

¶ 1 Julie Tschaggeny was injured in an automobile accident and submitted a claim to Milbank Insurance Company ("Milbank") under her uninsured motorist policy. Milbank denied coverage, and Tschaggeny sued for a determination of benefits.[1] A jury awarded a verdict for Tschaggeny, but she argues that the final judgment amount was inadequate in three separate respects.

¶ 2 First, Tschaggeny argues that the trial court erred both in granting Milbank's motion in limine to exclude from evidence medical bills that had been written off and in denying Tschaggeny's motion to reconsider that issue. Second, Tschaggeny contends that the trial court failed to follow Utah Code section 78–27–44 in its award of prejudgment interest. Third, Tschaggeny asserts that the trial court erroneously denied her motion to add to the jury's verdict the amount of the excluded medical bills and the value of replacement services. Because we find no reversible error under any of these theories, we affirm the trial court.

## BACKGROUND

¶ 3 At the time of her accident, Tschaggeny was covered under two separate insurance policies—an uninsured motorist policy with Milbank and a health insurance policy. Because Tschaggeny's medical expenses were covered under her health insurance policy, a portion of her medical expenses were written off pursuant to a contractual agreement between her health insurer and the health care providers.

¶ 4 When Tschaggeny and Milbank were unable to agree on Milbank's obligation to cover certain medical expenses, Tschaggeny sued. On February 18, 2004, Milbank filed a motion in limine requesting that the trial

court prevent Tschaggeny from submitting evidence of the medical expenses that had been written off. Tschaggeny failed to file any memorandum in opposition to the motion. Over four months later, the district court held a pretrial hearing to resolve all pending matters, including the motion in limine. When asked at the hearing whether Tschaggeny opposed the motion in limine, her counsel initially responded that she did. Later, however, her counsel conceded that "the way this has been presented by the defense makes sense and probably does not need an opposition." The trial judge accordingly granted the motion in limine from the bench.

¶ 5 A jury trial was scheduled to begin approximately three months later. On the morning of trial, however, just minutes before the jury was to be seated, Tschaggeny's counsel handed the trial judge a motion to reconsider her ruling on the motion in limine. In her supporting memorandum, Tschaggeny argued for the first time that excluding the medical bill write-offs violated the collateral source rule. The trial court ordered a one-day continuance to review Tschaggeny's motion. The following day, the trial judge denied Tschaggeny's motion for reconsideration as untimely. Even so, the trial judge indicated that if Tschaggeny would move for a continuance, she would consider the merits of the motion. Tschaggeny elected not to do so, and the trial proceeded without any evidence of the written-off medical expenses.

¶ 6 At the conclusion of trial, the jury awarded Tschaggeny both special and general damages. However, the jury did not award any damages for the replacement services that Tschaggeny allegedly incurred for household duties that were performed by others while she was injured.

¶ 7 The trial judge entered judgment on the jury's verdict after adding prejudgment interest on the special damages awarded by the jury and giving Milbank credit for $12,915.46, which Milbank had paid to Tschaggeny approximately eighteen months

1. Tschaggeny also sued for breach of the duty of good faith and fair dealing, but this claim was

dismissed on summary judgment and is not part of this appeal.

after the accident.[2] In calculating prejudgment interest on the special damages, the trial court allowed interest from the date of the accident to the date of judgment, with one exception. With respect to the $12,915.46 that Milbank had already paid, the trial court awarded prejudgment interest for only that eighteen-month period, rather than for the full period of time from the date of the accident until the date of judgment.

¶ 8 After the trial court entered judgment, Tschaggeny filed a "Motion to Amend Judgment, Motion for Additur, or in the alternative, Motion for New Trial." In her memorandum in support of these motions, Tschaggeny argued that the trial judge should add to the judgment additional damages for the amount of the excluded medical bills and the value of the replacement services. In the alternative, Tschaggeny argued that the court should require Milbank to stipulate to an additur for those items or face a new trial. The trial court denied Tschaggeny's motions in their entirety.

### ANALYSIS

¶ 9 On appeal, Tschaggeny argues that the trial court erred in (1) granting Milbank's motion in limine, (2) calculating prejudgment interest, and (3) denying her motion for additur or, in the alternative, for a new trial.

### I. EXCLUSION OF THE MEDICAL BILL WRITE–OFFS

¶ 10 As is typical in the industry, Tschaggeny's health insurer negotiated a lower rate for health care services for its policy holders than any member of the uninsured general public is able to bargain for, resulting in a discounted medical bill. Thus, it is a perverse irony of our modern health care system that those who are least able to pay are typically billed at a significantly higher rate than insured individuals for the same services. In seeking to realize the benefits that she earned by paying premiums under her uninsured motorist policy, Tschaggeny argues that the benefit she received from the contractual arrangements between her health insurer and medical providers falls under the collateral source rule. Under that rule, she claims she is entitled to recover the amount that her health care providers charged uninsured individuals, rather than the discounted charges that were actually paid by her health insurer.

¶ 11 The trial court did not address the merits of Tschaggeny's argument because it concluded that the issue was not properly presented. Tschaggeny asserts that the trial court erred in this conclusion and asks us to review two separate rulings: (1) the trial court's initial decision to grant Milbank's motion in limine to exclude evidence of the written-off amounts, and (2) the trial court's denial of her motion to reconsider that ruling.

### A. The Motion in Limine

¶ 12 We will not review the trial court's order granting Milbank's motion in limine because Tschaggeny's counsel invited that result. The invited error doctrine prevents a party from taking " 'advantage of an error committed at trial when that party led the trial court into committing the error.' " *State v. Winfield*, 2006 UT 4, ¶ 15, 128 P.3d 1171 (quoting *State v. Geukgeuzian*, 2004 UT 16, ¶ 9, 86 P.3d 742). "Affirmative representations that a party has no objection to the proceedings fall within the scope of the invited error doctrine because such representations reassure the trial court and encourage it to proceed without further consideration of the issues." *Id.* ¶ 16.

¶ 13 At the hearing on the motion in limine, Tschaggeny's counsel essentially stipulated that it be granted. While initially opposing the motion, counsel later conceded that he had no objection to the motion so long as the order was confined to only those amounts that had actually been written off:

> So we would ask even though—I think the way this has been presented by the defense makes sense and probably does not need an opposition in terms of there's binding [sic] write down. I think to avoid

---

**2.** The record does not clarify this issue, but we presume that the jury either was not informed about Milbank's pretrial payments or was instructed not to consider them in making its award.

future complications with the health insurance overlayer we'd just ask the court to restrict the motion to what it has been brought rather than as a broad writeoff of any health insurance amounts. And on that basis we will submit it.

THE COURT: All right. Thank you. I'm going to grant the motion in limine and I am going to restrict it to precisely the terms of the motion.

Thus, despite his initial opposition to the motion, in the end, counsel for Tschaggeny clearly communicated his agreement to the relief ordered. To the extent the trial judge committed any legal error in granting the motion, she was invited to do so by Tschaggeny's own counsel. Under the invited error doctrine, it would be inappropriate to reverse the trial court for a decision that it was invited to make by the party now attempting to renege on that invitation.

### B. The Motion to Reconsider

¶ 14 We next address Tschaggeny's claim that the trial court erred in denying her motion to reconsider its original ruling on the motion in limine. We hold that the trial court acted within its discretion in denying the motion as untimely. And in any event, Tschaggeny failed to preserve the issue for appeal.

1. The Trial Court's Denial of the Motion on Timeliness Grounds

¶ 15 We begin our analysis by establishing the proper standard of review. Motions to reconsider are not recognized by the Utah Rules of Civil Procedure. *Gillett v. Price*, 2006 UT 24, ¶¶ 5, 7–8, 135 P.3d 861. Because trial courts are under no obligation to consider motions for reconsideration, any decision to address or not to address the merits of such a motion is highly discretionary. If Tschaggeny wanted to oppose the motion in limine, her proper course of action was to file a memorandum in opposition to the motion within ten days of its filing. Utah R. Civ. P. 7(c)(1). Any memoranda filed beyond this ten-day window would be untimely and could be considered only with leave of court. *Id.* In short, the decision to consider any late-filed opposition to the mo-

tion in limine was vested in the discretion of the trial court.

¶ 16 Although a trial court "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling," *Luce v. United States*, 469 U.S. 38, 41–42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), a trial court may also exercise its discretion to disregard motions to reconsider prior in limine rulings when those motions do not conform to the Utah Rules of Civil Procedure, *see Univ. of Utah v. Indus. Comm'n*, 736 P.2d 630, 633 (Utah 1987) ("A trial judge is accorded broad discretion in determining how a trial shall proceed in his or her courtroom."). Thus, we review the trial court's denial of the motion to reconsider under an abuse of discretion standard. Under this standard, the trial court's ruling may be overturned only "if there is no reasonable basis for the decision." *Langeland v. Monarch Motors*, 952 P.2d 1058, 1061 (Utah 1998).

¶ 17 We conclude that the trial court did not abuse its discretion in this case because there was ample support for its decision to deny Tschaggeny's motion to reconsider for being untimely. Tschaggeny waited more than seven months after the initial motion in limine was filed and almost three months after it was granted to seek reconsideration. More significantly, Tschaggeny filed her motion to reconsider just minutes before trial was scheduled to begin. We have consistently held that a trial court does not abuse its discretion when it denies as untimely last minute motions on the eve of trial. *Gerbich v. Numed Inc.*, 1999 UT 37, ¶ 17, 977 P.2d 1205 ("Therefore, we conclude that the trial court did not abuse its discretion when it prevented the inspector from testifying as an expert based on the lateness of the designation and the fact that Numed's counsel did not have an opportunity to either prepare a cross-examination or call rebuttal witnesses."); *Kelson v. Salt Lake County*, 784 P.2d 1152, 1157 (Utah 1989) (holding that it was not an abuse of discretion to deny a motion to suppress a stipulation of blood alcohol content on the eve of trial because it "would prejudice the defendants, who had relied on the stipulation and had not prepared to put on any other evidence of intoxi-

cation"); *The Berkshires, L.L.C. v. Sykes,* 2005 UT App 536, ¶ 15, 127 P.3d 1243 (holding that a trial court did not abuse its discretion in denying leave to amend a pleading because "requiring Plaintiffs to address an amended pleading on the eve of trial after over a year of litigation, including discovery and motion phases, would undoubtedly result in prejudice to them").

### 2. Preservation

¶ 18 We also reject Tschaggeny's challenge to the order denying her motion to reconsider because it was not preserved. Even though the trial judge was fully within her discretion to deny Tschaggeny's motion to reconsider outright, she offered Tschaggeny the opportunity to seek a continuance so that she could consider the issue. Tschaggeny's choice not to seek a continuance constituted a failure to preserve the issue for appeal.

¶ 19 The present case presents a somewhat unique application of our traditional preservation rule inasmuch as the issue under consideration was presented to the trial judge. Nevertheless, the policy considerations underlying the preservation rule make it clear that Tschaggeny waived the issue of medical bill write-offs because she did not take the necessary steps to allow the trial judge to consider the merits of the issue.

¶ 20 " '[A]s a general rule, claims not raised before the trial court may not be raised on appeal.' " *State v. Cram,* 2002 UT 37, ¶ 9, 46 P.3d 230 (quoting *State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346). Two policy considerations underlie the preservation rule. First, the rule exists "to give the trial court an opportunity to 'address the claimed error, and if appropriate, correct it.' " *Id.* ¶ 10 (quoting *Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346). Second, requiring preservation of an issue prevents a party from avoiding the issue at trial for strategic reasons only to raise the issue on appeal if the strategy fails. *Id.*

¶ 21 After Tschaggeny filed her motion to reconsider on the morning of trial, the court ordered a continuance until the following day in order to consider the remaining motions

and to allow counsel another opportunity to negotiate a settlement. The following morning, the trial judge explained that she would deny the motion as untimely unless Tschaggeny moved for a continuance:

> THE COURT: The problem, counsel, is the timeliness of this. You're asking me basically to make an extraordinarily all encompassing ruling that would change the course and direction of the totality. And you're asking me to do it at the last minute. It's not timely. I have a concern about the case law frankly. You have an option you can ask for a continuance of the trial and I'll look at it more closely, but perusing it as I did I just feel it's too late for me to meaningfully consider it on the eve of trial, it's not timely is the problem. And I'm not denying it because it's poorly taken, I'm denying it because it's not timely. You have a remedy and that remedy is you can move to continue the trial if you wish to.

The trial court presented Tschaggeny with a clear choice. She could request a continuance, thereby giving the trial court adequate time to consider the merits of the motion, or she could abandon the motion and move forward with the trial as scheduled. Tschaggeny chose the latter option.

¶ 22 Because Tschaggeny did not move for a continuance at the judge's invitation, the issue was abandoned. In other words, by not allowing the trial judge an adequate opportunity to consider the issue, Tschaggeny waived the right to raise the issue on appeal. This result is consistent with the primary purpose of the preservation rule. Claimed errors should be raised before trial courts in such a manner that the trial courts have a meaningful opportunity to correct them. *State v. Pinder,* 2005 UT 15, ¶ 46, 114 P.3d 551 ("[T]he purpose of the preservation rule is to ensure that the trial court is first given an opportunity to decide if a mistake has been made before the appellate review becomes appropriate."). In this case, the trial court had no meaningful opportunity to correct any erroneous ruling on the motion in limine precisely because Tschaggeny chose not to pursue a determination on the merits.

¶ 23 The secondary policy consideration of disallowing strategic silence on an issue also militates against considering this matter on appeal. Tschaggeny was given a clear course of action to pursue if she wanted the trial judge to consider the merits of her objection to the motion in limine. Although the record does not reveal any concrete reasons why Tschaggeny chose not to seek a continuance, there are innumerable potential strategic and practical motivations for her decision not to do so. The expense of prolonging the litigation, the difficulty of rescheduling witnesses, and the necessity of preparing for trial again at an undetermined future date may all have influenced her decision not to seek a continuance. Were we to review the issue at this juncture, Tschaggeny would be afforded both the benefit of her decision not to seek a continuance and the benefit of review on appeal. Allowing this dual benefit is clearly contrary to the policy behind requiring issues to be litigated at trial before they are eligible for review.

¶ 24 Because Tschaggeny failed to preserve for appellate review the exclusion of the medical bill write-offs, we will not review it on appeal absent either plain error or exceptional circumstances. *See State v. Winfield,* 2006 UT 4, ¶ 14, 128 P.3d 1171. Tschaggeny admits that the application of the collateral source rule to medical bill write-offs is a matter of first impression in Utah. Therefore, the trial court's decision to grant Milbank's motion in limine and deny Tschaggeny's motion for reconsideration does not rise to the level of plain error. Nor are there any exceptional circumstances that militate against applying the preservation requirement in this case.

¶ 25 In sum, the trial court did not abuse its discretion in denying Tschaggeny's motion to reconsider, and Tschaggeny effectively waived the right to appeal this issue. We accordingly affirm the trial court's ruling.

## II. PREJUDGMENT INTEREST

¶ 26 Tschaggeny next argues that the trial court erred by not strictly conforming to the language of Utah Code section 78–27–44 when awarding prejudgment interest. This section provides:

It is the duty of the court, in entering judgment for plaintiff in that action, to add to the amount of special damages actually incurred that are assessed by the verdict of the jury, or found by the court, interest on that amount calculated at the legal rate, as defined in Section 15–1–1, from the date of the occurrence of the act giving rise to the cause of action to the date of entering the judgment, and to include it in that judgment.

Utah Code Ann. § 78–27–44(2) (2002). Tschaggeny asserts that this provision required the trial court to assess prejudgment interest for the full period between the time the damages were incurred and the entry of judgment, even on the amount that Milbank paid to her approximately three years before trial.

¶ 27 The trial court disagreed with such an interpretation. For the pretrial payment which Milbank made to Tschaggeny, the trial court awarded interest from the time of the accident until Milbank made the payment, but not for the period between the time of payment and the entry of judgment. Tschaggeny now claims error and seeks to capture this post-payment interest.

¶ 28 It is well-settled that this court will not interpret a statute to embrace a result that is " 'in blatant contravention of the express purpose of the statute,' " *Savage v. Utah Youth Vill.,* 2004 UT 102, ¶ 18, 104 P.3d 1242 (quoting *Perrine v. Kennecott Mining Corp.,* 911 P.2d 1290, 1292 (Utah 1996)), or that is so absurd that it could not have been intended by the legislature, *Pub. Citizen v. U.S. Dep't of Justice,* 491 U.S. 440, 452–53, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989). Because the clear purpose of section 78–27–44(2) is to compensate wronged parties for delays in recovering damages, it is absurd to require a defendant to pay interest on money that has already been remitted to the plaintiff. In addition, Tschaggeny's proposed reading would blatantly controvert the express purpose of the statute, which is to encourage the prompt payment of amounts not in dispute. No rational defendant would be willing to pay money to a plaintiff prior to trial and then continue to pay interest on

that amount until final judgment. Indeed, the interpretation urged by Tschaggeny would incentivize bad faith disputes over compensation owed in order to avoid such an unjust result. Because Tschaggeny's proposed interpretation leads to an absurd result that controverts the express purposes of the statute, we reject that interpretation and affirm the trial court's denial of post-payment prejudgment interest on the amounts Milbank paid Tschaggeny prior to trial.

## III. MOTION FOR A NEW TRIAL

¶ 29 Following trial, Tschaggeny filed a rule 59 motion petitioning the trial court to require Milbank to either stipulate to an additur for the excluded medical bills and the value of replacement services or face a new trial.[3] The trial court denied the motion, and Tschaggeny now asks this court to reverse.

¶ 30 Tschaggeny first argues that the exclusion of the written-off medical bills constituted "[e]rror in law" under Utah Rule of Civil Procedure 59(a)(7). In essence, this argument amounts to a motion to reconsider the motion to reconsider the original motion in limine. As we have already noted in section I of this opinion, however, the trial court properly refused to address the legal merits of Tschaggeny's motion to reconsider the order granting the motion in limine because it was raised in an untimely manner. In addition, Tschaggeny failed to preserve the issue for review by failing to ask for a continuance so that the court could properly consider the issue. Raising the issue yet again in a posttrial motion does not cure these defects. Therefore, there is no legal error justifying a new trial.

¶ 31 Tschaggeny also argues that she is entitled to a new trial under rule 59(a)(6) because there was insufficient evidence to justify the jury's failure to award damages for replacement services.[4] We affirm the trial court's refusal to order a new trial because Tschaggeny has not properly presented the issue to this court. When challenging the sufficiency of the evidence in support of a jury verdict, "[t]he appealing party has the heavy burden of marshaling the evidence in support of the verdict and showing that the evidence, viewed in the light most favorable to the verdict, is insufficient." *Tingey v. Christensen*, 1999 UT 68, ¶ 7, 987 P.2d 588; *accord Harding v. Bell*, 2002 UT 108, ¶ 19, 57 P.3d 1093; Utah R.App. P. 24(a)(9). Not only has Tschaggeny failed to marshal the evidence in favor of the jury verdict denying recovery for replacement services, she has not even provided a trial transcript to substantiate her claims of jury error. Tschaggeny's argument essentially consists of bald assertions as to what evidence the jury did or did not hear on the issue of replacement services. Such efforts fall far short of the burden a party must meet to justify overturning a jury verdict.

## CONCLUSION

¶ 32 In sum, we reject all of Tschaggeny's claims of error. First, we do not review the trial court's grant of the motion in limine because Tschaggeny invited the court to do so. Tschaggeny's motion to reconsider the ruling was untimely, and in any event, Tschaggeny failed to preserve the issue for appeal when she rejected the trial court's invitation to request a continuance in order to allow adequate time to consider the issue.

3. In her original motion, Tschaggeny also argued that the trial court should amend the judgment by adding to it the amount of the excluded medical bills and the damages claimed for the replacement services. She does not press this claim on appeal, arguing only that the court should have awarded a new trial unless Milbank stipulated to an additur. For clarification, we note that rule 59 allows a judge to directly amend a judgment only if the action was tried without a jury. Utah R. Civ. P. 59(a). Tschaggeny's initial request that the trial judge amend the judgment therefore constituted an improper end run around the jury's role as fact-finder.

4. Tschaggeny also attempts to argue that the jury's failure to award damages for replacement services is the result of "passion or prejudice" under rule 59(a)(5). The only support that Tschaggeny proffers for this proposition, however, is her assertion that because damages for replacement services had been proven by the evidence at trial, the failure to award damages must have been the result of passion or prejudice. Because Tschaggeny's rule 59(a)(5) argument is premised entirely upon the sufficiency of the evidence, it meets the same fate as her rule 59(a)(6) argument.

Second, we reject Tschaggeny's claim that Utah Code section 78–27–44 required the trial court to award prejudgment interest for the period after the pretrial payment was made. Third, the trial court properly declined to award a new trial for the written-off medical bills because there was no legal error at trial. We do not consider the petition for a new trial on the issue of replacement services because Tschaggeny has failed to marshal the evidence. We therefore affirm the trial court.

¶ 33 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH'S opinion.