2009 UT App 265

**Ronald J. CHILTON and David L. Glazier, et al., Plaintiffs and Appellants,**

v.

**Allen K. YOUNG; Young, Kester, & Petro; Gerry L. Spence; Lynn C. Harris; Spence, Moriarity, & Schuster; Jonah Orlofskey; and Plotkin & Jacobs, Defendants and Appellees.**

No. 20080363–CA.

Court of Appeals of Utah.

Sept. 17, 2009.

Rehearing Denied Oct. 30, 2009.

Ronald J. Chilton, Lehi; and David L. Glazier, Springville, Appellants Pro Se.

Richard D. Burbidge, Jefferson W. Gross, Michael F. Skolnick, Gary F. Bendinger, and Julie Edwards, Salt Lake City, for Appellees.

Before THORNE, Associate P.J., BENCH and McHUGH, JJ.

## MEMORANDUM DECISION

THORNE, Associate Presiding Judge:

¶1 Ronald J. Chilton and David L. Glazier appeal from the district court's dismissal of their legal malpractice and related claims against their former attorneys, the appellees in this case (Defendants). We affirm.

¶2 Chilton and Glazier were originally part of a large group of steelworkers who, represented by Defendants, filed multiple lawsuits against their employer for alleged labor law violations. Two of the cases went to trial and resulted in favorable rulings for the employee plaintiffs. Armed with the favorable rulings, Defendants negotiated a comprehensive settlement agreement resulting in payments of about forty-seven million dollars to the remaining plaintiffs. Chilton and Glazier were not satisfied with this result, however, and sued Defendants for legal malpractice, misrepresentation, fraud, and an accounting of the settlement proceeds. The district court ultimately dismissed all of Chilton and Glazier's claims in three summary judgment orders entered in 2005, 2006, and 2008.

¶3 The district court's first summary judgment order (the 2005 order) determined as a matter of law that Chilton and Glazier were not entitled to vacation pay for 1988 under the applicable contract. The district court's second summary judgment order (the 2006 order) dismissed all but one of Chilton and Glazier's claims. The 2006 order examined each claim and determined that, in light of the 2005 order's ruling on the 1988 vacation pay issue, Chilton and Glazier had failed to present sufficient evidence to defeat summary judgment on every claim but one. The lone exception on which summary judgment was not granted was the limited issue of whether Defendants had breached their fiduciary duty in creating and implementing a hearing process. After the 2006 order was entered, Chilton and Glazier filed a joint motion for reconsideration of both the 2005 and 2006 orders, which the district court denied. In 2008, a third and final summary judgment order (the 2008 order) dismissed Chilton and Glazier's sole remaining claim for breach of fiduciary duty. Chilton and Glazier appeal.[1]

¶4 We review a trial court's grant of summary judgment for correctness, according no deference to the trial court's legal conclusions. See Shaw Res. Ltd., LLC v. Pruitt, Gushee & Bachtell, PC, 2006 UT App 313, ¶20, 142 P.3d 560. In so doing, we view the facts and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. See id. We review a district court's refusal to reconsider a nonfinal summary judgment order only for an abuse of discretion. See IHC Health Servs., Inc. v. D & K Mgmt., Inc., 2008 UT 73, ¶27, 196 P.3d 588 ("[R]econsideration of an issue before a final judgment is within the sound discretion of the district court.").

¶5 On appeal, Chilton and Glazier first challenge the 2005 and 2006 orders and the district court's refusal to reconsider them. As to the 2005 order, the applicable contract provided that an employee forfeited the right to receive vacation benefits for a given calendar year if the employee was dis-

---

1. Defendants argue, with some justification, that Chilton and Glazier's briefing is inadequate under rule 24 of the Utah Rules of Appellate Procedure, see Utah R.App. P. 24. Chilton and Glazier's briefing of this complex case is certainly not in strict compliance with rule 24, but, mindful of Chilton and Glazier's pro se status, we have tried to identify and address their main arguments despite the inadequacies of their briefing. To the extent that Chilton and Glazier attempt to raise other issues, we decline to address those issues as inadequately briefed. See, e.g., Valcarce v. Fitzgerald, 961 P.2d 305, 313 (Utah 1998) ("It is well established that an appellate court will decline to consider an argument that a party has failed to adequately brief.").

charged prior to January 1 of that year. It is undisputed that Chilton and Glazier were terminated on August 31, 1987. Thus, the 2005 order correctly concluded that Chilton and Glazier were ineligible to receive vacation pay during 1988.

■ ¶ 6 As to the 2006 order, which relied largely on the 2005 order's conclusion regarding 1988 vacation pay, Chilton and Glazier have not identified on appeal any evidence that would serve to defeat summary judgment on the various dismissed claims. Under these circumstances, we will not disturb the district court's summary judgment orders. *Cf. Orvis v. Johnson*, 2008 UT 2, ¶¶ 7–8, 177 P.3d 600 (discussing summary judgment standards where the nonmoving party has the burden of proof on the relevant issues and stating that the nonmoving party must, upon challenge to the sufficiency of the evidence, "provide affirmative evidence sufficient to establish a genuine issue of material fact"); *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 31, 54 P.3d 1054 ("[O]nce the moving party challenges an element of the nonmoving party's case on the basis that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to present evidence that is sufficient to establish a genuine issue of material fact.").

■ ¶ 7 Nor do we see any abuse of discretion in the district court's denial of Chilton and Glazier's motion to reconsider the 2005 and 2006 orders. Regarding the 2005 order, the district court concluded that Chilton and Glazier's motion was untimely and failed to present new evidence. As to the 2006 order, the district court concluded, among other things, that Chilton and Glazier's motion was greatly overlength and merely rehashed previous arguments. These factors provide a reasonable basis for the district court's decision to deny Chilton and Glazier's motion and, therefore, we will not disturb that decision. *See Tschaggeny v. Milbank Ins. Co.*, 2007 UT 37, ¶ 16, 163 P.3d 615 (stating that a district court's denial of a reconsideration motion "may be overturned only if there is no reasonable basis for the decision" (internal quotation marks omitted)).

■ ¶ 8 Next, Chilton and Glazier challenge the 2008 order dismissing their final malpractice claim for breach of fiduciary duty as barred by the statute of limitations. Chilton and Glazier argue that the district court's ruling was inappropriate in light of a prior order (the 2003 order) denying summary judgment on this same issue. The 2003 order denied Defendants' motion to dismiss Chilton and Glazier's claims on statute of limitations grounds but treated the motion as one for summary judgment because Chilton and Glazier had submitted a letter in opposition to Defendants' motion. *See generally Puttuck v. Gendron*, 2008 UT App 362, ¶ 11, 199 P.3d 971 (stating the rule for converting a dismissal motion into one for summary judgment). Looking only at Chilton and Glazier's complaint and letter, the court determined that genuine issues of material fact existed with regard to the reasonableness of Chilton and Glazier's discovery efforts and ruled that "[t]here are insufficient facts before the [c]ourt to decide as a matter of law that Defendant[s are] entitled to summary judgment."

¶ 9 By contrast, the 2008 order was entered after the litigation had substantially developed and in response to a specific motion for summary judgment. After considering the parties' arguments, the district court concluded that the undisputed facts demonstrated that Chilton and Glazier "were in possession of sufficient facts to give them notice of their damages when they received their final settlement checks—the point at which their cause of action accrued; and they had sufficient information to attribute such damages to breaches of duty by defendants at that same time." The district court further concluded that Chilton and Glazier had not "provided any evidence that actions of [Defendants] prevented the discovery of [Chilton and Glazier's] cause of action" or "shown that they did not know and could not reasonably have discovered and filed their claims against [Defendants] within the statutory period." In light of the factual development of the litigation between 2003 and 2008, we see no error in the district court reaching a different conclusion in the 2008 order than it did in the 2003 order. Further, Chilton and Glazier have not demonstrated any legal

error in the 2008 order. *See generally Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶¶ 20–32, 108 P.3d 741 (discussing the application of statutes of limitation and the discovery rule). Accordingly, we decline to disturb the 2008 order.

¶ 10 Finally, Chilton and Glazier argue that they are entitled to relief from the district court's various summary judgment rulings because the counsel that they had originally retained to sue Defendants acted ineffectively prior to Chilton and Glazier's mid-litigation election to proceed pro se. In support of this argument, Chilton and Glazier cite to various criminal cases addressing the right to effective representation of counsel in the criminal context. *See, e.g., State v. Litherland*, 2000 UT 76, ¶¶ 9–29, 12 P.3d 92 (analyzing a criminal defendant's claim of ineffective assistance of counsel). Defendants properly point out that this is a civil matter in which there is no constitutional right to effective representation and argue that Chilton and Glazier's sole remedy is to bring an independent malpractice action against their subsequent counsel. Defendants' position is certainly the general rule. *See, e.g., Rukavina v. Triatlantic Ventures, Inc.*, 931 P.2d 122, 126 (Utah 1997) (" 'The general rule is that in civil cases a new trial will not be granted based upon the incompetence or negligence of one's own trial counsel.' " (quoting *Jennings v. Stoker*, 652 P.2d 912, 913 (Utah 1982))). Chilton and Glazier have provided us with no reason to depart from the general rule in this case and, accordingly, we decline to disturb the judgment below based on the alleged ineffective assistance of Chilton and Glazier's second counsel.

¶ 11 For the reasons expressed herein, we affirm the final judgment of the district court.

¶ 12 WE CONCUR: RUSSELL W. BENCH and CAROLYN B. McHUGH, Judges.