2017 UT App 66

# THE UTAH COURT OF APPEALS

CORA USA LLC,
Appellee,
*v.*
QUICK CHANGE ARTIST LLC,
Appellant.

Opinion
No. 20150504-CA
Filed April 13, 2017

Third District Court, Salt Lake Department
The Honorable Richard D. McKelvie
No. 130901898

Chance McClain, Attorney for Appellant

Richard F. Ensor and Michael C. Barnhill, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and STEPHEN L. ROTH concurred.

TOOMEY, Judge:

¶1 Quick Change Artist LLC (Quick Change) appeals the district court's award of damages and attorney fees to CORA USA LLC (CORA) in connection with its breach of contract claim against Quick Change. Quick Change argues the court erred when it granted three of CORA's motions in limine and asks us "to vacate or set aside the Final Judgment and reverse and remand for a new trial." Because Quick Change has "failed to address the trial court's detailed ruling, failed to develop [its] citation to authority, and failed to provide any reasoned analysis based on that authority, we conclude that [it has] failed to carry [its] burden of persuasion on appeal." *State v. MacNeill*, 2017 UT App 48, ¶ 84; *see also State v. Roberts*, 2015 UT 24, ¶ 18, 345 P.3d 1226 (explaining that "our adequate briefing requirement . . . is a

natural extension of an appellant's burden of persuasion" (citation and internal quotation marks omitted)). We therefore affirm.

¶2    "It is well established that an appellate court will decline to consider an argument that a party has failed to adequately brief." *Valcarce v. Fitzgerald*, 961 P.2d 305, 313 (Utah 1998) (plurality opinion). To be adequately briefed, an "argument shall contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on." Utah R. App. P. 24(a)(9). An adequately briefed argument requires more than "bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).

¶3    In its appeal, Quick Change asserts several arguments over a scant six pages. It takes issue with the district court's decision to grant two of CORA's motions in limine, which barred Quick Change "from using evidence or testimony prior to October 28, 2012," and excluded a number of unproduced exhibits Quick Change used in its deposition of CORA. In support of these two arguments, Quick Change cites *Tschaggeny v. Milbank Insurance Co.*, 2007 UT 37, 163 P.3d 615, for the bare proposition that "a trial court is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling," and asserts that it should have done so in this case. *Id.* ¶ 16 (citation and internal quotation marks omitted). Quick Change also cites *Jensen v. IHC Hospitals, Inc.*, 2003 UT 51, 82 P.3d 1076, for the proposition that "[a]n erroneous decision to admit or exclude evidence does not constitute reversible error unless the error is harmful." *Id.* ¶ 100 (citation and internal quotation marks omitted). Quick Change claims it was harmed by the court's decision to grant the motions in limine and "was not able to put on a proper defense" as a result. But this is the beginning and end of its legal analysis. "Analysis of what [these authorities]

require[] and of how the facts of [the] case satisfy these requirements [is] wholly lacking." *See Thomas*, 961 P.2d at 305.

¶4     Quick Change's third claim consists of one paragraph in which it argues the district court erred in awarding CORA attorney fees. Quick Change cites *Stewart v. Utah Public Service Commission*, 885 P.2d 759 (Utah 1994), for the proposition that, in general, "attorney fees cannot be recovered by a prevailing party unless a statute or contract authorizes such an award." *Id.* at 782. According to Quick Change, "the original contract [between the two parties] was no longer controlling" and therefore the court erroneously awarded CORA attorney fees. But Quick Change does not demonstrate how the original contract was superseded or, more importantly, cite any authority to support its argument that in such a situation the decision by the court to award the prevailing party its attorney fees is an abuse of discretion.

¶5     Quick Change's final two claims—that its expert and accompanying expert report should not have been excluded and that it should have been awarded damages on its counterclaim—each span one paragraph and lack any citation to authority. We note that "[w]hile failure to cite to pertinent authority may not always render an issue inadequately briefed, it does so when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *See Thomas*, 961 P.2d at 305. Such is the case here.

¶6     In sum, "[w]hile there is no bright line between adequate and inadequate briefing," we conclude that Quick Change has not "developed an argument sufficient to carry [its] burden of persuasion." *See Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 47, 390 P.3d 314; *see also Bank of Am. v. Adamson*, 2017 UT 2, ¶ 12 ("[A]n appellant who fails to adequately brief an issue will almost certainly fail to carry its burden of persuasion on appeal." (citation and internal quotation marks omitted)). We therefore affirm.

¶7    As a final matter, we address CORA's request for its attorney fees and costs on appeal. In general, "when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Utah Dep't of Social Services v. Adams*, 806 P.2d 1193, 1197 (Utah Ct. App. 1991); *see also Management Services Corp. v. Development Associates*, 617 P.2d 406, 408–09 (Utah 1980) (explaining that a prevailing party may receive attorney fees on appeal where it is permitted by statute or contract). Pursuant to the parties' agreement, the district court awarded CORA its attorney fees and costs. Accordingly, CORA "is entitled to an award of attorney fees reasonably incurred on appeal" and we remand for calculation of those fees. *See Adams*, 806 P.2d at 1198.

¶8    Having concluded that Quick Change has failed to meet its burden of persuasion on each of the issues it raises, we affirm the district court's rulings and remand for the limited purpose of determining the amount of attorney fees and costs CORA reasonably incurred on appeal.

———————