**2018 UT App 117**

# THE UTAH COURT OF APPEALS

FEDERATED CAPITAL CORPORATION,
Appellant,
*v.*
ARNELLA M. ABRAHAM,
Appellee.

Opinion
No. 20140570-CA
Filed June 21, 2018

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 119901843

Barnard N. Madsen, Aaron P. Dodd, and Peter
Reichman, Attorneys for Appellant

Lester A. Perry, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN, Judge:

¶1　　Federated Capital Corporation (Federated) appeals from
the district court's grant of summary judgment in favor of
Arnella M. Abraham. Because Federated did not present to the
district court the issue it raises on appeal, we conclude that
Federated waived the challenge. Accordingly, we affirm and
remand for the limited purpose of calculating Abraham's
attorney fees incurred on appeal.

## BACKGROUND

¶2　　In August 2011, Federated, a Michigan corporation,
brought suit against Abraham, a Texas resident, alleging that she

had breached a credit card contract that required her to make payments in Pennsylvania. Specifically, Federated alleged that Abraham had failed to make credit card payments to Federated's predecessor-in-interest totaling $11,528.59 and that she consequently owed Federated that amount plus approximately five years of interest at 39.64%. A provision of the contract specified that Utah law applied, that Utah courts were the proper forum, and that the parties consented to Utah courts' jurisdiction (the Controlling Law & Jurisdiction Clause). The contract also contained an attorney-fee provision.

¶3     Abraham filed an answer, in which she asserted, "As an affirmative defense, the defendant alleges that this action fails because of the statute of limitations." Thereafter, Abraham filed a motion for summary judgment, arguing that the cause of action arose in Pennsylvania and that Utah's borrowing statute[1] required the district court to apply Pennsylvania's four-year statute of limitations for breach of contract instead of Utah's six-year statute of limitations. Thus, according to Abraham, Federated's claim was barred because Federated had not filed suit until August 9, 2011, "a date well [past] the four year limitations period for suit on written contracts under Pennsylvania law." Abraham also requested attorney fees under Utah's reciprocal attorney fee statute. *See* Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

---

1. Utah's borrowing statute provides,

> A cause of action which arises in another jurisdiction, and which is not actionable in the other jurisdiction by reason of the lapse of time, may not be pursued in this state, unless the cause of action is held by a citizen of this state who has held the cause of action from the time it accrued.

Utah Code Ann. § 78B-2-103 (LexisNexis 2012).

¶4 Federated filed an opposition to Abraham's motion for summary judgment, addressing Abraham's statute-of-limitations defense on the merits. Specifically, Federated argued that its claim was not time-barred, because Utah's six-year statute of limitations applied as a result of the Controlling Law & Jurisdiction Clause. Federated did not argue or suggest to the court that Abraham's answer lacked specificity nor did it raise a challenge to the manner in which Abraham had pleaded her affirmative defense.

¶5 The district court agreed with Abraham's interpretation of Utah law and the applicability of Utah's borrowing statute, and it granted summary judgment in her favor. The court also awarded Abraham attorney fees pursuant to the reciprocal attorney fee statute. Federated appeals.

ISSUE AND STANDARD OF REVIEW

¶6 On appeal, Federated contends that the district court erred in granting summary judgment in favor of Abraham. Federated specifically asserts that Abraham failed to properly plead her statute-of-limitations defense, and thereby lost the right to pursue that defense. However, Federated did not raise this objection to the district court. Generally, issues that are not preserved are waived, absent a valid exception. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 ("Issues that are not raised at trial are usually deemed waived."); *see also State v. Johnson*, 2017 UT 76, ¶ 18, 416 P.3d 443 ("A failure to preserve an issue in the trial court generally precludes a party from arguing that issue in an appellate court, absent a valid exception."). Federated concedes that it did not preserve the issue it raises on appeal, but it seeks review under the plain-error exception to the preservation rule. "To obtain relief via the plain-error doctrine, an appellant must show the existence of a harmful error that should have been obvious to the district

court." *Thomas v. Mattena*, 2017 UT App 81, ¶ 9, 397 P.3d 856 (quotation simplified).

ANALYSIS

## I. Statute of Limitations

¶7 Federated contends that the district court plainly erred by granting Abraham's motion for summary judgment, arguing that Abraham lost her right to pursue her statute-of-limitations defense due to her failure to specifically plead that defense in her answer, and that the infirmities in Abraham's pleading should have been obvious to the district court.

¶8 Rule 8(c) of the Utah Rules of Civil Procedure provides that "[a] party must set forth affirmatively in a responsive pleading . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense." Utah R. Civ. P. 8(c). Pursuant to rule 9(i),

> [i]n pleading the statute of limitations it is not necessary to state the facts showing the defense but it may be alleged generally that the cause of action is barred by the statute, referring to or describing the statute by section number, subsection designation, if any, or designating the provision relied on sufficiently to identify it.

*Id.* R. 9(i).

¶9 Here, Abraham raised the statute of limitations affirmative defense in her answer by stating simply, "As an affirmative defense, the defendant alleges that this action fails because of the statute of limitations." She did not specify the statute of limitations by section number. *See id.* However, in her memorandum in support of her motion for summary judgment,

Abraham laid out her arguments concerning the various statutes of limitations in more detail. Specifically, she asserted that "[Federated] brought this action in Utah. Thus, the statutes of limitation of Utah apply to this lawsuit. These statutes include the Utah borrowing statute." *See* Utah Code Ann. § 78-2-103 (LexisNexis 2012). Abraham further alleged that "[a] cause of action for breach of contract arises in the state in which the parties determine that performance was due" and that, based on the contract, "[t]he cause of action . . . arose in Pennsylvania." Observing that "Pennsylvania has a four year statute of limitations for breach of contract" pursuant to section 5525 of title 42 of the Pennsylvania Consolidated Statutes, Abraham asserted that Federated's suit was not timely filed and that the case should be dismissed. *See* 42 Pa. Cons. Stat. § 5525(a)(8) (2002).

¶10   Federated contends that rule 9(i) of the Utah Rules of Civil Procedure "requires the statute of limitations to be pleaded specifically" and that Abraham lost the right to pursue her statute of limitations affirmative defense because she "failed to describe the statute by section number" in her answer. However, Federated did not bring these arguments to the attention of the district court, nor did it object to Abraham's assertion of the statute-of-limitations defense in responding to her motion for summary judgment. Instead, in its memorandum in opposition to summary judgment, Federated addressed Abraham's affirmative defense on the merits, arguing that Utah's borrowing statute was inapplicable because the contract contained a forum-selection clause that "required the parties to bring suit in Utah" and that Pennsylvania's four-year statute of limitations was therefore "irrelevant."

¶11   "A party waives all defenses and objections not presented either by motion or by answer or reply[.]" Utah R. Civ. P. 12(h); *see also State v. Rettig*, 2017 UT 83, ¶ 31, 416 P.3d 520 ("[R]ule 12(h) sets forth an express sanction of waiver."). Accordingly, even if we assume, without deciding, that Abraham had lost the

right to pursue any statute-of-limitations defense by not pleading that defense with specificity in her answer under rule 9(i), Federated waived any objection to Abraham's defective answer when it responded to her motion for summary judgment and addressed her affirmative defense on the merits.[2] *See, e.g.,* *Golding v. Ashley Central Irrigation Co.*, 793 P.2d 897, 899–900 (Utah 1990) (observing that the defendant had lost the right to bring a statute of limitations affirmative defense when it failed to properly preserve the defense in its answer, but that the plaintiff had waived the issue by not objecting to the defendant's "defective mode of placing the [affirmative defense] in issue"); *In re Estate of LeFevre*, 2009 UT App 286, ¶ 29, 220 P.3d 476 (concluding that the petitioners had waived the right to object to the respondent's unpreserved affirmative defense on appeal where the petitioners had failed to object to the respondent's

---

2. During oral argument before this court, Federated acknowledged that had it raised the rule 9(i) issue in the district court, there was a "good chance" that the district court would have simply allowed Abraham to amend her answer pursuant to rule 15 of the Utah Rules of Civil Procedure. But for whatever reason, Federated did not raise the rule 9(i) issue to the district court. Accordingly, if we were to review the issue now, Federated would receive both the benefit of its silence on the matter in the district court and the benefit of review on appeal. Allowing this dual benefit would incentivize parties to strategically refrain from raising issues in the district court only to raise them on appeal if that strategy fails, thus thwarting the purpose of our preservation requirement. *Cf. Tschaggeny v. Milbank Ins. Co.*, 2007 UT 37, ¶ 20, 163 P.3d 615 ("[R]equiring preservation of an issue prevents a party from avoiding the issue at trial for strategic reasons only to raise the issue on appeal if the strategy fails."); *id.* ¶ 23 ("Allowing this dual benefit is clearly contrary to the policy behind requiring issues to be litigated at trial before they are eligible for review.").

assertion of the defense in responding to his motion for summary judgment and had addressed his defense on the merits). Because Federated waived any objection to Abraham's affirmative defense, we cannot consider Federated's plain-error argument.[3] *See Rettig,* 2017 UT 83, ¶ 27 (observing that Utah Rule of Civil Procedure 12(h) "prescribe[s] a rule of preservation and establish[es] a waiver sanction that stands as a jurisdictional bar on appellate consideration of matters not properly preserved"); *id.* ¶ 33 ("The waiver sanction prescribed by . . . civil rule 12 is 'jurisdictional' in the sense that it forecloses appellate consideration of the merits of the waived matter.").

¶12　In any event, although we need not go further, we briefly observe that even if Federated were entitled to plain-error review, it has failed to demonstrate how it was harmed by the alleged error in Abraham's answer. Our supreme court has recognized that while rule 8(c) "is a good rule whose purpose is to have the issues to be tried clearly framed," the Utah Rules of Civil Procedure "must all be looked to in the light of their even more fundamental purpose of liberalizing both pleading and procedure to the end that the parties are afforded the privilege of presenting whatever legitimate contentions they have pertaining to their dispute." *Smith v. Grand Canyon Expeditions Co.,* 2003 UT 57, ¶ 12, 84 P.3d 1154 (quotation simplified). Therefore, "what [parties] are entitled to is notice of the issues raised and an opportunity to meet them. When this is accomplished, that is all that is required." *Id.* (quotation simplified).

¶13　Here, although Abraham's answer did not identify by section number which statutes of limitations she was asserting as a defense, she later specified which statutes of limitations she was relying on in her memorandum in support of summary

---

3. From a practical standpoint, when waiver is prescribed as a sanction pursuant to rule 12(h), allowing a party to sidestep its effect by asserting plain error would eviscerate the rule.

judgment. Federated responded to Abraham's motion and fully argued the statute of limitations issue on the merits. Thus, the record demonstrates that Federated had notice of Abraham's statute-of-limitations defense and took the opportunity to meet it. *See Smith*, 2003 UT 57, ¶ 12; *see also Bangerter v. Petty*, 2008 UT App 153, ¶¶ 16, 18, 184 P.3d 1249 (concluding, where the defendant generally raised the statute of limitations affirmative defense in its answer but later "clearly laid out its arguments concerning the various statutes of limitations" in its rule 56(f) motion and amended its answer, that the plaintiff and the trial court "clearly had written notice of the three statutes of limitations at issue from documents filed with the court, including an amended answer"). That is all that is required. *Smith*, 2003 UT 57, ¶ 12.

¶14 We conclude that Federated waived its objection to any potential defect in the pleading of Abraham's statute-of-limitations defense when it failed to raise the issue in the district court.

## II. Attorney Fees Incurred on Appeal

¶15 Abraham contends that she should be awarded her attorney fees and costs incurred on appeal. "Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties[.]"[4] *Federated Capital Corp. v. Haner*, 2015 UT App 132,

---

4. Utah's reciprocal attorney fee statute provides,

A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written

(continued…)

¶ 11, 351 P.3d 816; *see also* Utah Code Ann. § 78B-5-826 (LexisNexis 2012). Here, the contract provided for attorney fees to Federated, and the district court awarded attorney fees to Abraham based on the reciprocal attorney fee statute. "A party entitled by contract or statute to attorney fees below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Haner*, 2015 UT App 132, ¶ 19 (quotation simplified). Abraham has prevailed on appeal, and we therefore award Abraham her reasonable attorney fees incurred in connection with this appeal in an amount to be determined by the district court on remand.

## CONCLUSION

¶16    We affirm the district court's grant of summary judgment in favor of Abraham and remand this case to the district court for the limited purpose of calculating Abraham's attorney fees incurred on appeal.

—————

(…continued)
> contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012).