**2015 UT App 218**

## THE UTAH COURT OF APPEALS

HI-COUNTRY ESTATES HOMEOWNERS ASSOCIATION,
Plaintiff and Appellee,
*v.*
THE JESSE RODNEY DANSIE LIVING TRUST, JESSE RODNEY DANSIE,
BOYD DANSIE, CLAUDIA J. DANSIE, RICHARD DANSIE, DIXIE DANSIE,
JOYCE TAYLOR, AND BONNIE PARKIN,
Defendants and Appellants.

Memorandum Decision
No. 20140572-CA
Filed August 27, 2015

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence
No. 130407605

John S. Flitton and Christie Babalis, Attorneys
for Appellants

Tyler S. LaMarr and Douglas C. Shumway,
Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH concurred.

TOOMEY, Judge:

¶1   The Jesse Rodney Dansie Living Trust, Jessie Rodney
Dansie, Boyd Dansie, Claudia J. Dansie, Richard Dansie, Dixie
Dansie, Joyce Taylor, and Bonnie Parkin (collectively, the
Dansies) appeal from the district court's entry of summary
judgment in favor of the Hi-Country Estates Homeowners
Association (the Association). We affirm.

¶2   In 2013, the Association filed a complaint against the
Dansies, seeking unpaid fees related to its provision of water to
the Dansies' property and asserting a claim for unjust

enrichment. The Association moved for summary judgment on its claims. It contended that pursuant to its bylaws, it was authorized to levy assessments against the Dansies and their property, which the Dansies failed to pay. The Association further sought attorney fees and interest in accordance with its bylaws and the Utah Community Association Act. As to its claim for unjust enrichment, the Association argued it had conferred a benefit upon the Dansies by providing water to extinguish a fire on their property. The Dansies filed a cross-motion for summary judgment, contending that a Well Lease Agreement exempted them from paying the fees and the Association's claims therefore failed. The Dansies also asserted that a disputed issue of material fact regarding the Association's ledgers documenting the amounts owed precluded summary judgment against them.

¶3    The district court denied the Dansies' cross-motion, granted the Association's motion for summary judgment, and awarded the Association attorney fees. The Dansies appeal.

## I. Summary Judgment

¶4    The Dansies appear to argue that the district court incorrectly granted summary judgment to the Association because, under the Well Lease Agreement and the Amendment to the Well Lease Agreement, they were not required to pay the Association for water it provided to their property. But because they inadequately briefed their arguments, the Dansies have not carried their burden of persuasion on appeal. *See State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998).

¶5    The Utah Rules of Appellate Procedure require that an appellant's brief include, among other things, "citation to the record showing that [each] issue was preserved in the trial court," Utah R. App. P. 24(a)(5)(A), "the standard of appellate review with supporting authority," *id.* R. 24(a)(5), and an addendum including "those parts of the record on appeal that are of central importance to the determination of the appeal,

such as . . . the contract or document subject to construction," *id.* R. 24(a)(11)(C). Most importantly, the appellant's brief must "contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on." *Id.* R. 24(a)(9). This means that an appellant's argument must be supported by "reasoned analysis" and may not simply "dump the burden of argument and research" on the appellate court. *Thomas*, 961 P.2d at 305 (citation and internal quotation marks omitted). Furthermore, an appellant must address the basis for the district court's ruling. *See Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441. The Dansies have not complied with these requirements and thus have failed to carry their burden on appeal.

¶6    First, the Dansies fail to illuminate where in the record the issues presented on appeal were preserved for appellate review. This oversight matters because "[i]ssues that are not raised at trial are usually deemed waived." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. Second, the Dansies do not support their statement of the issues presented for review with an explanation of the appropriate standards of review. Third, the addendum to the Dansies' brief does not contain the parts of the record on appeal that are of central importance to their claims of error in the district court's order. Although they seem to contend that the "controlling nature" of the Well Lease Agreement and the Amendment to the Well Lease Agreement "preclude the imposition of standby fees," the Dansies fail to attach these purportedly crucial documents to their brief.

¶7    Finally, the Dansies fail to support their arguments with developed and reasoned legal analysis. Their brief is not organized in a logical manner and their citations to the record are often inaccurate. For example, although much of their arguments hinge on this court's decision in a related case, *see Hi-Country Estates Homeowners Ass'n v. Bagley & Co.*, 2011 UT

App 252, 262 P.3d 1188, they neglect to engage in a substantive discussion of that decision. Furthermore, despite what the Dansies call "the direct relevance and controlling nature" of the Well Lease Agreement and the Amendment to the Well Lease Agreement, the Dansies offer little more than conclusory statements in support of their arguments. Given the numerous shortcomings in the Dansies' briefing, we conclude that overall they have not addressed the district court's rulings and reasoning in any way sufficient to demonstrate error.

¶8     Because of these briefing deficiencies, the Dansies have effectively "dump[ed] the burden of argument and research" on this court. *See Thomas*, 961 P.2d at 305 (citation and internal quotation marks omitted). We will not "'do the heavy lifting'" of establishing district court error for the appellants. *See Niemela v. Imperial Mfg., Inc.*, 2011 UT App 333, ¶ 24, 263 P.3d 1191 (quoting *State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448). For these reasons, we conclude the Dansies have not carried their burden of persuasion on appeal.

## II. Attorney Fees

¶9     First, the Dansies also appear to challenge the district court's award of attorney fees to the Association. But because they challenge only one of the court's grounds for awarding the Association fees, we do not address the merits of this issue.

¶10     "This court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds." *Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28, 297 P.3d 38. The district court awarded the Association its attorney fees and costs based on *both* the Association's bylaws and the Utah Community Association Act. The Dansies, however, challenge only the statutory basis for the attorney-fees award. Because the Dansies have not challenged the alternative basis for the award

of attorney fees, we affirm the district court's order without reaching the merits of that decision. *See id.*

¶11   Second, the Association requests that this court award it the fees and costs it incurred in defending this action on appeal. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *See id.* ¶ 39 (alteration in original) (citation and internal quotation marks omitted). Hence, the Association, as the prevailing party, is entitled to an award of attorney fees and costs reasonably incurred on appeal.

¶12   In sum, because the Dansies have not carried their burden of persuasion on appeal, we affirm the district court's order granting the Association's motion for summary judgment, denying the Dansies' cross-motion for summary judgment, and awarding attorney fees to the Association. As the prevailing party, the Association is entitled to its attorney fees and costs on appeal, and we remand to the district court for the limited purpose of calculating the Association's fees and costs reasonably incurred on appeal.

———————