**2018 UT App 120**

## THE UTAH COURT OF APPEALS

FEDERATED CAPITAL CORPORATION,
Appellant,
*v.*
JAMES N. SHAW,
Appellee.

Opinion
No. 20140681-CA
Filed June 21, 2018

Third District Court, Salt Lake Department
The Honorable Denise P. Lindberg
No. 139910356

Barnard N. Madsen, Aaron P. Dodd, and Peter
Reichman, Attorneys for Appellant

Lester A. Perry, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN, Judge:

¶1     Two of the three contentions presented in this case are
identical to those we address in two factually similar cases also
issued today. In *Federated Capital Corp. v. Abraham*, 2018 UT App
117, we concluded that the appellant waived any objection to the
adequacy with which the appellee pleaded a statute-of-
limitations defense. And in *Federated Capital Corp. v. Deutsch*,
2018 UT App 118, we concluded that the appellant had not
presented to the district court the issue raised on appeal, and we
consequently deemed the issue unpreserved. In the instant case,
the same appellant, Federated Capital Corporation (Federated),
raises the same two claims. Because the filings and factual
background of this case are functionally identical to *Abraham* and

*Deutsch*, we reach the same conclusions on Federated's first two contentions.

¶2 Federated also raises one additional claim regarding appellee James N. Shaw's place of performance under a credit card contract. However, because Federated has failed to address the basis for the district court's ruling as to this claim, Federated has failed to persuade us that the district court's ruling on that claim was incorrect. We affirm and remand for the limited purpose of calculating Shaw's attorney fees incurred on appeal.

## BACKGROUND

¶3 Federated, a Michigan corporation, brought suit against Shaw, a Texas resident, alleging that he had breached a credit card contract that required him to make payments in Pennsylvania. Specifically, Federated alleged that Shaw had failed to make credit card payments to Federated's predecessor-in-interest totaling $25,901.76 and that he consequently owed Federated that amount plus approximately five years of interest at 34.99%. A provision of the contract specified that Utah law applied, that Utah courts were the proper forum, and that the parties consented to Utah courts' jurisdiction (the Controlling Law & Jurisdiction Clause). Shaw filed an answer, asserting that a statute of limitations barred the suit. Shaw then moved for summary judgment, arguing that because the place of performance was Pennsylvania and that state's four-year statute of limitations had already run, Utah's borrowing statute barred the suit. *See generally* 42 Pa. Cons. Stat. § 5525(a)(8) (2002); Utah Code Ann. § 78B-2-103 (LexisNexis 2012).[1]

---

1. Utah's borrowing statute provides,

> A cause of action which arises in another jurisdiction, and which is not actionable in the

(continued…)

¶4 Notably, many of the pleadings, documents, and exhibits filed in the district court in this case were functionally identical to those filed in *Abraham* and *Deutsch*. Indeed, the defendants were all represented by the same counsel, and most of the claims and arguments raised by the parties were worded identically. The defendants' answers all raised the same defenses. And the defendants' motions for summary judgment were also essentially the same.

¶5 The district court held a telephonic hearing regarding Shaw's summary judgment motion. The court agreed with Shaw's arguments and, as relevant here, granted Shaw's motion. Federated appeals, contending (1) that the district court erred by failing to sua sponte recognize that Shaw's answer did not adequately plead a statute-of-limitations defense; (2) that the district court erred by applying Utah's borrowing statute so as to import Pennsylvania's statute of limitations and by not applying Utah's six-year statute of limitations for actions founded on contracts; and (3) alternatively, that the parties modified their original contract and "chose Utah as the place of Shaw's performance" such that his "failure to pay in Utah constitutes a breach of contract 'arising' in Utah subject to Utah's six-year statute of limitations" for actions founded on contracts. *See generally* Utah Code Ann. § 78B-2-309 (LexisNexis 2012). Federated's briefing of the first contention is identical to the briefing it presented in *Abraham*. And its briefing of the second contention is virtually identical to the briefing it presented in *Deutsch*. It therefore appears that this case combines the

---

(…continued)
> other jurisdiction by reason of the lapse of time, may not be pursued in this state, unless the cause of action is held by a citizen of this state who has held the cause of action from the time it accrued.

Utah Code Ann. § 78B-2-103 (LexisNexis 2012).

contentions raised in *Abraham* and *Deutsch* into a single case, with one additional issue presented regarding Shaw's place of performance under the credit card contract. Neither party contends that the first two issues in the instant case differ in any significant way from the issues presented individually in *Abraham* and *Deutsch*.

## ANALYSIS

### I. Waiver

¶6      Federated first contends that, "[b]y not specifying the statute of limitations by section and reference number," Shaw failed to properly plead his statute-of-limitations defense and thereby lost the right to pursue the defense. The relevant portion of Shaw's answer stated, "As an affirmative defense, the defendant alleges that the plaintiff's claims are barred by the statute of limitations." Shaw also asserted elsewhere in his answer, "As an affirmative defense, the defendant alleges that the claims of the plaintiff are barred by the statute of limitations, which may be the four year limitations period of the Pennsylvania statute for written contracts." Shaw then filed a motion for summary judgment, which included citations to the pertinent statutes of limitations. Federated responded to that motion on its merits, without objecting to the adequacy of the answer.

¶7      We rejected Federated's identical claim in *Abraham*. There, the defendant's answer stated, "As an affirmative defense, the defendant alleges that this action fails because of the statute of limitations." *Federated Capital Corp. v. Abraham*, 2018 UT App 117, ¶ 3. Like Shaw, the defendant went on to file a motion for summary judgment that identified the applicable statutes of limitations, and Federated responded to that summary judgment motion on its merits. *Id.* ¶¶ 3–4. Federated did so without objecting to the adequacy of the defendant's answer. *Id.* ¶ 10. We

concluded that, by doing so, Federated had waived any objection predicated on rule 9(i) of the Utah Rules of Civil Procedure.[2] *Id.* ¶ 11.

¶8 In both cases, the answer asserted a statute-of-limitations defense without identifying the applicable statute by section number. In both cases, the defendant filed a motion for summary judgment that *did* identify the applicable statute. And in both cases, Federated responded to the motion for summary judgment without objecting to the defense's lack of specificity as pleaded in the answer. On appeal, Federated's briefing of this issue is taken verbatim from its briefing of the same issue in *Abraham* (or vice versa).

¶9 We see no distinction between these cases, and Federated does not assert that a distinction exists. We therefore see no reason to depart from the conclusion we reached in *Abraham*—that Federated waived any objection to the adequacy of the statute-of-limitations defense raised in the answer by replying to the defense on its merits during the summary judgment proceedings.

## II. Preservation

¶10 Federated next contends that "the parties' choice of law and forum is dispositive, that the case arose in Utah, and that the borrowing statute does not therefore apply." In *Federated Capital Corp. v. Deutsch*, 2018 UT App 118, we concluded that Federated had not presented this specific legal theory to the district court

---

2. Arguably, Shaw's reference in his answer to "the four year limitations period of the Pennsylvania statute for written contracts" "designat[ed] the provision relied on sufficiently to identify it" for purposes of rule 9(i), *see* Utah R. Civ. P. 9(i), thereby foreclosing Federated's argument that Shaw's answer was defective.

and had therefore failed to preserve it for appeal. *See id.* ¶¶ 9–16. We reach the same conclusion here.

¶11    Federated's legal theory on appeal is that, because the Controlling Law & Jurisdiction Clause specified that the contract would be "governed solely by and interpreted entirely in accordance with the laws of the State of Utah," the cause of action for Shaw's alleged breach of contract arose in Utah. And if the cause of action arose in Utah, the borrowing statute would be inapplicable and Utah's six-year statute of limitations would apply.

¶12    In *Deutsch*, we examined the record and concluded that Federated had never presented this legal theory to the district court. *See id.* ¶ 16. Although the case was heard before a different judge and the filings contain some wording differences, the record here does not differ in any significant way. In both cases, the defendants moved for summary judgment on Pennsylvania statute-of-limitations grounds, and Federated opposed the summary judgment by asserting that Utah's statute of limitations applied because the parties had agreed to be governed by Utah law. And, on appeal, Federated's briefing of this issue is virtually identical to its briefing in *Deutsch* (or vice versa). In short, no relevant arguments were made in this case that were not made in *Deutsch*.

¶13    Because we see no distinction between the instant case and *Deutsch*, and because Federated does not assert that one exists, we reach the same conclusion—that the legal theory now argued by Federated was not presented to the district court and thus is not preserved for appeal. *See id.* ¶¶ 16, 20.

### III. Place of Performance

¶14    As an alternative argument to its second contention, Federated asserts that "after their original contract the parties

chose Utah as the place of Shaw's performance" and that Shaw's "failure to pay constitutes a breach arising in Utah under Utah's six-year statute of limitations." In his motion for summary judgment, Shaw asserted that Pennsylvania's four-year statute of limitations applied because his credit card contract with Federated's predecessor-in-interest "states that the defendant is to make monthly payment on the account at the address indicated on [his] monthly statements," and Federated's predecessor-in-interest "selected Philadelphia, Pennsylvania as the place that payments were to be sent on each and every monthly account statement." The district court agreed, concluding that the contract provided that Shaw's place of performance was Pennsylvania, that the cause of action arose in Pennsylvania in March 2007, and that Pennsylvania's four-year statute of limitations applied. Because neither Federated nor its predecessor-in-interest had filed suit within four years of Shaw's March 2007 default, the district court ruled that Federated's suit was barred by the statute of limitations.

¶15    On appeal, Federated asserts that the parties amended the language of the credit card contract in 2007 to specify the procedures for electronic payments. According to Federated, the amended contract "provided procedures for electronic payments," and Shaw agreed to those procedures when he continued to use his credit card and made electronic payments. Observing that the four payments Shaw made between March 2007 and January 2008 were "made electronically" and that his billing statements included the notation "ELECTRONIC PYMT THANK YOU SLC UT," Federated asserts that Shaw's payments were received in Salt Lake City, Utah, and that Shaw's billing statements demonstrate that "the parties modified the manner and place of Shaw's payments" from Pennsylvania to Utah. Thus, Federated contends, the district court "err[ed] in finding that this case 'arose' in Pennsylvania and that the borrowing statute and Pennsylvania's four-year statute of limitations appl[ied]."

¶16    "Summary judgment is appropriate when the evidence 'shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Federated Capital Corp. v. Libby*, 2016 UT 41, ¶ 7, 384 P.3d 221 (quoting Utah R. Civ. P. 56(a)). We review the grant of summary judgment for correctness. *Id.*

¶17    Section 6 of the amended credit card contract stated, in relevant part:

> You agree to make all payments in US dollars payable through a US Financial Institution, either by check or money order payable to us at the location and in the manner specified on your periodic billing statement or in any other manner (such as by electronic fund transfer or wire transfer) that we agree to and provide procedures for.

The penultimate paragraph of section 6 stated:

> Account payments are to be mailed to the address for payments shown on your periodic billing statement. Payment must be received by us at that address on or before the specified time on the Payment Due Date stated on your periodic billing statement, and must conform to any specific requirements for making payment which appear with or in your billing statement. *Payments tendered to and accepted by us or our agent at a location other than the address stated on your periodic billing statement are not effective until received by us at the address specified.*

(Emphasis added.)

¶18    Shaw's periodic billing statements provided that payment was to be made to:

> ADVANTA BANK CORP
> PO BOX 8088
> PHILADELPHIA, PA 19101-8088

As noted by Federated, on four of the billing statements the notation "ELECTRONIC PYMT THANK YOU SLC UT" appeared in the "Activity Since Last Statement" section.

¶19    The district court observed that Federated's predecessor-in-interest was a Utah resident and that Federated was incorporated in Michigan. Although Federated asserted that it (Federated) had a Salt Lake City office, it provided no evidence to support that claim. And Federated did not assert that its predecessor-in-interest's rights of residency had passed to Federated.[3] The court also noted that the credit card contract "provide[d] that cardmembers should make all payments to [Federated's predecessor-in-interest] in Pennsylvania or in another manner provided for by [Federated's predecessor-in-interest]. However, any such payments would only be considered 'effective' upon [Federated's predecessor-in-interest's] receipt of the payment at its Pennsylvania address." The court determined that, "even if a payment could be tendered at another location, those payments were only deemed effective when [Federated's predecessor-in-interest] received the payment at the *Pennsylvania address* specified in the agreement. In light of

---

3. Utah Code section 78B-2-103 provides an exception to Utah's borrowing statute when "the cause of action is held by a citizen of this state who has held the cause of action from the time it accrued." Utah Code Ann. § 78B-2-103 (LexisNexis 2012); *see generally Federated Capital Corp. v. Deutsch*, 2018 UT App 118, ¶ 5 n.2. The district court appears to have recognized that Federated waived any argument regarding this exception.

that clear provision, it is evident that Shaw's ultimate obligation was required to be performed in Pennsylvania." Thus, according to the district court, when Shaw failed to make the required payments, "the default occurred and [Federated's predecessor-in-interest's] cause of action arose in Pennsylvania in March of 2007." Observing that Pennsylvania has a four-year statute of limitations for breach of contract and that neither Federated nor its predecessor-in-interest "brought an action under the Agreement within that timeframe," the court granted Shaw's motion for summary judgment.

¶20 On appeal, Federated does not meaningfully engage with the district court's reasoning. Indeed, Federated ignores the section of the contract providing that, "[p]ayments tendered to and accepted by us or our agent at a location other than the address stated on your periodic billing statement are not effective until received by us at the address specified." The district court's reasoning relied considerably on this provision of the contract; however, Federated does not critique the court's interpretation or application of this language. Rather, Federated simply recites the facts and contract provisions in its favor and asserts that the district court erred. Federated's conclusory analysis falls short of demonstrating any error on the part of the district court. *See Hi-Country Estates Homeowners Ass'n v. Jesse Rodney Dansie Living Trust*, 2015 UT App 218, ¶ 5, 359 P.3d 655 ("[A]n appellant must address the basis for the district court's ruling."); *Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375 (explaining that an appellant cannot demonstrate that a district court erred if it "fails to attack the district court's reasons" for the decision it made). Because Federated has failed to address the district court's reasoning, it has failed to carry its burden of persuasion on appeal. *See Hi-Country Estates*, 2015 UT App 218, ¶ 5. Accordingly, we conclude that Federated has not demonstrated that the district court erroneously granted Shaw's motion for summary judgment.

IV. Attorney Fees Incurred on Appeal

¶21  Shaw contends that he should be awarded attorney fees and costs incurred on appeal. "Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties[.]"[4] *Federated Capital Corp. v. Haner*, 2015 UT App 132, ¶ 11, 351 P.3d 816; *see also* Utah Code Ann. § 78B-5-826 (LexisNexis 2012). Here, the contract provided for an award of attorney fees to Federated, and the district court awarded attorney fees to Shaw based on the reciprocal attorney fee statute. "A party entitled by contract or statute to attorney fees below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Haner*, 2015 UT App 132, ¶ 19 (quotation simplified). Shaw has prevailed on appeal, and we therefore award Shaw his reasonable attorney fees incurred in connection with this appeal in an amount to be determined by the district court on remand.

CONCLUSION

¶22  Because the first two issues in this case are identical to those raised in *Abraham* and *Deutsch*, because the underlying records do not differ in any significant way, and because Federated does not distinguish this case from those, we conclude

---

4. Utah's reciprocal attorney fee statute provides,

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

that our holdings in those cases control. Federated waived its objection to the lack of specificity in Shaw's answer and did not preserve a claim that the causes of action actually arose in Utah.[5] In addition, because Federated fails to acknowledge the basis for the district court's determination that Shaw's obligation was to be performed in Pennsylvania, Federated has failed to persuade us that the district court erroneously granted Shaw's motion for summary judgment.

¶23   Affirmed.

———————

5. In light of the similarities between the cases, we also adopt the analysis and reasoning of our other conclusions stated in *Abraham* and *Deutsch*.