**2018 UT App 119**

## THE UTAH COURT OF APPEALS

FEDERATED CAPITAL CORPORATION,
Appellant,
*v.*
REBECCA NAZAR,
Appellee.

Opinion
No. 20140569-CA
Filed June 21, 2018

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 129909968

Barnard N. Madsen, Aaron P. Dodd, and Peter
Reichman, Attorneys for Appellant

Lester A. Perry, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN, Judge:

¶1      The contentions presented in this case are identical to
those we address in two factually similar cases also issued today.
In *Federated Capital Corp. v. Abraham*, 2018 UT App 117, we
concluded that the appellant waived any objection to the
adequacy with which the appellee pleaded a statute-of-
limitations defense. And in *Federated Capital Corp. v. Deutsch*,
2018 UT App 118, we concluded that the appellant had not
presented to the district court the legal theory raised on appeal,
and we consequently deemed it unpreserved. In the instant case,
the same appellant, Federated Capital Corporation (Federated),
raises the same claims. Because the filings were functionally the
same and the district court hearing was held jointly, the factual
background of this case is identical to *Abraham* and *Deutsch*. As a

result, we reach the same conclusions and therefore affirm. We remand for the limited purpose of calculating appellee Rebecca Nazar's attorney fees incurred on appeal.

BACKGROUND

¶2 Federated, a Michigan corporation, brought suit against Nazar, a Texas resident, alleging that she had breached a credit card contract that required her to make payments in Pennsylvania. Specifically, Federated alleged that Nazar had failed to make credit card payments to Federated's predecessor-in-interest totaling $2,860.15 and that she consequently owed Federated that amount plus approximately five years of interest at 29.34%. A provision of the contract specified that Utah law applied, that Utah courts were the proper forum, and that the parties consented to Utah courts' jurisdiction (the Controlling Law & Jurisdiction Clause). Nazar filed an answer, asserting that a statute of limitations barred the suit. Nazar then moved for summary judgment, arguing that because the place of performance was Pennsylvania and that state's four-year statute of limitations had already run, Utah's borrowing statute barred the suit. *See generally* 42 Pa. Cons. Stat. § 5525(a)(8) (2002); Utah Code Ann. § 78B-2-103 (LexisNexis 2012).[1]

¶3 Notably, many of the pleadings, documents, and exhibits in this case were functionally identical to those in *Abraham* and

---

1. Utah's borrowing statute provides,

> A cause of action which arises in another jurisdiction, and which is not actionable in the other jurisdiction by reason of the lapse of time, may not be pursued in this state, unless the cause of action is held by a citizen of this state who has held the cause of action from the time it accrued.

Utah Code Ann. § 78B-2-103 (LexisNexis 2012).

*Deutsch*. The defendants were all represented by the same counsel, and most of the claims and arguments raised by the parties have identical wording between cases. The defendants' answers all raised the same defenses. And the defendants' motions for summary judgment were also essentially the same.

¶4    The district court held a joint hearing regarding the summary judgment motions in the three cases. The court agreed with the defendants' arguments and, as relevant here, granted Nazar's motion. On appeal, Federated first contends that the district court erred by failing to sua sponte recognize that Nazar's answer did not adequately plead a statute-of-limitations defense. Federated also contends that the court erred by applying Utah's borrowing statute so as to import Pennsylvania's statute of limitations and that the district court should have instead applied Utah's six-year statute of limitations for actions founded on contracts. *See generally* Utah Code Ann. § 78B-2-309 (LexisNexis 2012). Federated's briefing of the first contention is identical to the briefing it presented in *Abraham*. And its briefing of the second contention is identical to the briefing it presented in *Deutsch*. It therefore appears that this case combines the contentions raised in *Abraham* and *Deutsch* into a single case. Neither party contends that the issues presented together in the instant case differ in any significant way from the issues presented individually in *Abraham* and *Deutsch*.[2]

---

2. We note one distinction for the sake of completeness. Federated's opposition to Nazar's motion for summary judgment, unlike the one in *Deutsch*, asserted that an exception to the borrowing statute for citizens of Utah applied. *See generally Federated Capital Corp. v. Deutsch*, 2018 UT App 118, ¶ 5 n.2; Utah Code Ann. § 78B-2-103 (LexisNexis 2012). Federated does not raise the application of this exception in its briefing on appeal, and we therefore do not consider it.

ANALYSIS

I. Waiver

¶5     Federated first contends that, "[b]y not specifying the statute of limitations by section and reference number," Nazar failed to properly plead her statute-of-limitations defense and thereby lost the right to pursue that defense. The relevant portion of Nazar's answer stated only, "As an affirmative defense, the defendant alleges that the plaintiff's claims are barred by the statute of limitations." Nazar then filed a motion for summary judgment, which included citations to the pertinent statutes of limitations of both states. Federated responded to that motion on its merits, without objecting to the adequacy of the answer.

¶6     We rejected Federated's identical claim in *Abraham*. There, the defendant's answer stated, "As an affirmative defense, the defendant alleges that this action fails because of the statute of limitations." *Federated Capital Corp. v. Abraham*, 2018 UT App 117, ¶ 3. Like Nazar, the defendant went on to file a motion for summary judgment that identified the applicable statutes of limitations, and Federated responded to that summary judgment motion on its merits. *Id.* ¶¶ 3–4. Federated did so without objecting to the adequacy of the defendant's answer. *Id.* ¶ 10. We concluded that, by doing so, Federated had waived any objection predicated on rule 9(i) of the Utah Rules of Civil Procedure. *Id.* ¶ 11.

¶7     In both cases, the answer asserted a statute-of-limitations defense without identifying the applicable statute. In both cases, the defendant filed a motion for summary judgment that *did* identify the applicable statute. And in both cases, Federated responded to the motion for summary judgment without objecting to the defense's lack of specificity as pleaded in the answer. On appeal, Federated's briefing of this issue is taken

verbatim from its briefing of the same issue in *Abraham* (or vice versa).

¶8     We see no distinction between these cases, and Federated does not assert that a distinction exists. We therefore see no reason to depart from the conclusion we reached in *Abraham*— that Federated waived any objection to the adequacy of the statute-of-limitations defense raised in the answer by replying to the defense on its merits during the summary judgment proceedings.

## II. Preservation

¶9     Federated next contends that "the parties' choice of law and forum is dispositive, that the case arose in Utah, and that the borrowing statute therefore does not apply." In *Federated Capital Corp. v. Deutsch*, 2018 UT App 118, we concluded that Federated had not presented this specific legal theory to the district court and had therefore failed to preserve it for appeal. *See id.* ¶¶ 9–16. We reach the same conclusion here.

¶10     Federated's legal theory on appeal is that, because the Controlling Law & Jurisdiction Clause specified that the contract would be "governed by and interpreted entirely in accordance with the laws of the State of Utah," the cause of action for Nazar's alleged breach of contract arose in Utah. And if the cause of action arose in Utah, the borrowing statute would be inapplicable and Utah's six-year statute of limitations would apply.

¶11     In *Deutsch*, we examined the record and concluded that Federated had never presented this legal theory to the district court. *See id.* ¶ 16. The record here does not differ in any significant way. In both cases, the defendants moved for summary judgment on Pennsylvania statute-of-limitations grounds, and Federated opposed the summary judgment by asserting that Utah's statute of limitations applied because the

parties had agreed to be governed by Utah law. The parties argued the opposing theories before the district court at a joint hearing. And, on appeal, Federated's briefing of this issue is taken verbatim from its briefing in *Deutsch* (or vice versa). In short, no relevant arguments were made in this case that were not made in *Deutsch*.

¶12    Because we see no distinction between the instant case and *Deutsch*, and because Federated does not assert that one exists, we reach the same conclusion—that the legal theory now argued by Federated was not presented to the district court and thus is not preserved for appeal. *See id.* ¶¶ 16, 20.

### III. Attorney Fees Incurred on Appeal

¶13    Nazar contends that she should be awarded her reasonable attorney fees and costs incurred on appeal. "Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties[.]"[3] *Federated Capital Corp. v. Haner*, 2015 UT App 132, ¶ 11, 351 P.3d 816; *see also* Utah Code Ann. § 78B-5-826 (LexisNexis 2012). Here, the contract provided for an award of attorney fees to Federated, and the district court awarded attorney fees to Nazar based on the reciprocal attorney fee statute. "A party entitled by contract or statute to attorney fees

---

3. Utah's reciprocal attorney fee statute provides,

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Haner*, 2015 UT App 132, ¶ 19 (quotation simplified). Nazar has prevailed on appeal, and we therefore award Nazar her reasonable attorney fees incurred in connection with this appeal in an amount to be determined by the district court on remand.

CONCLUSION

¶14    Because this case presents identical issues as those raised in *Abraham* and *Deutsch*, because the underlying records do not differ in any significant way, and because Federated does not distinguish this case from those, we conclude that our holdings in those cases control. Federated waived its objection to the lack of specificity in Nazar's answer and did not preserve a claim that the causes of action actually arose in Utah.[4]

¶15    Affirmed.

_____

4. In light of the similarities between the cases, we also adopt the analysis and reasoning of our other conclusions stated in *Abraham* and *Deutsch*.