2018 UT App 118

## THE UTAH COURT OF APPEALS

FEDERATED CAPITAL CORPORATION,
Appellant,
*v.*
NEAL DEUTSCH,
Appellee.

Opinion
No. 20140568-CA
Filed June 21, 2018

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 139918085

Barnard N. Madsen, Aaron P. Dodd, and Peter
Reichman, Attorneys for Appellant

Lester A. Perry, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

CHRISTIANSEN, Judge:

¶1   This is a case about preservation. Federated Capital
Corporation (Federated), an out-of-state corporation, and Neal
Deutsch, an out-of-state individual, entered into a contract that
specified an out-of-state place of performance but provided that
the contract would be governed by Utah law in Utah courts.
Federated filed suit against Deutsch for breach of contract. The
district court ruled that Utah's borrowing statute applied
because the other state's statute of limitations had run, and the
court therefore granted summary judgment for Deutsch.
Federated appeals, arguing that Utah's borrowing statute is
inapplicable to the suit because the suit arose in Utah. Because
Federated did not raise this issue in the district court, it is

unpreserved. We therefore affirm and remand for the limited purpose of calculating Deutsch's attorney fees incurred on appeal.

BACKGROUND

¶2 Federated, a Michigan corporation, brought suit against Deutsch, a Florida resident, alleging that he had breached a credit card contract that required him to make payments in Pennsylvania. Specifically, Federated alleged that Deutsch had failed to make credit card payments to Federated's predecessor-in-interest totaling $8,881.85 and that he consequently owed Federated that amount plus five years of interest at 29.99%. A provision of the contract specified that Utah law applied, that Utah courts were the proper forum, and that the parties consented to Utah courts' jurisdiction (the Controlling Law & Jurisdiction Clause). Deutsch moved for summary judgment, arguing that because the place of performance was Pennsylvania and that state's four-year statute of limitations had already run, Utah's borrowing statute barred the suit. *See generally* 42 Pa. Cons. Stat. § 5525(a)(8) (2002); Utah Code Ann. § 78B-2-103 (LexisNexis 2012).[1] The district court agreed and granted Deutsch's motion. Federated appeals.

---

1. Utah's borrowing statute provides,

> A cause of action which arises in another jurisdiction, and which is not actionable in the other jurisdiction by reason of the lapse of time, may not be pursued in this state, unless the cause of action is held by a citizen of this state who has held the cause of action from the time it accrued.

Utah Code Ann. § 78B-2-103 (LexisNexis 2012).

ISSUE AND STANDARD OF REVIEW

¶3    On appeal, Federated contends that the district court erred by applying Utah's borrowing statute so as to import Pennsylvania's statute of limitations. In Federated's view, the district court should have instead applied Utah's six-year statute of limitations for actions founded on contracts. *See generally* Utah Code Ann. § 78B-2-309 (LexisNexis 2012). When evaluating a district court's decision to grant or deny a motion for summary judgment, we consider the facts in favor of the nonmoving party, and review the court's legal conclusions and ultimate decision for correctness. *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600. However, we cannot review a legal conclusion or decision never actually made by the district court; the preservation doctrine of appellate review requires that, to reach the merits of an issue on appeal, the issue must have been brought to the district court's attention such that it had the opportunity to rule on it. *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443. "To provide the court with this opportunity, the issue must be specifically raised by the party asserting error, in a timely manner, and must be supported by evidence and relevant legal authority." *Id.* (quotation simplified).

ANALYSIS

¶4    This case is one of several that follow in the wake of the Utah Supreme Court's decision in *Federated Capital Corp. v. Libby*, 2016 UT 41, 384 P.3d 221. In *Libby*, our supreme court addressed a similar case involving Federated based on an identical contract. The court there held that, because the contract's forum-selection provision selected Utah law as applied by Utah courts, the case was governed by both the substantive and procedural law of Utah. *See id.* ¶¶ 13, 17. Consequently, Utah's borrowing statute was applicable. *Id.* ¶ 17.

¶5      The supreme court then considered the application of Utah's borrowing statute to the facts of the case. The court explained that the borrowing statute creates a two-part test; first, the statute asks whether the cause of action arose in another jurisdiction and, second, it asks whether the cause of action is not actionable in the other jurisdiction due to the lapse of time. *Id.* ¶ 18. "If both of these elements are satisfied, a Utah court will adopt that foreign jurisdiction's time limitations[.]"[2] *Id.* The supreme court noted in *Libby* that Federated had not challenged the district court's determination that the cause of action arose in Pennsylvania and therefore proceeded to the second part of the test. *Id.* ¶ 19. The supreme court concluded that the second part of the test was satisfied because Pennsylvania's four-year statute of limitations had expired by the time Federated filed suit in Utah. *Id.* ¶ 27. Because both elements set forth by the borrowing statute were satisfied, the supreme court concluded that Federated's suit against Libby was time-barred. *Id.* ¶ 29.

¶6      In a concurring opinion, two members of the court emphasized that Federated's concession—that the cause of action had arisen in Pennsylvania—meant that the court was unable to address the meaning of the term "arises in" found in the borrowing statute. *See id.* ¶ 36 (Lee, J., concurring) ("When the argument is squarely raised, our courts should decide whether the borrowing statute's 'arises in' formulation is a

---

2. The supreme court noted that the borrowing statute contains an exception: the statute does not operate when the cause of action is held by a citizen of Utah who has held it since it accrued. *Federated Capital Corp. v. Libby*, 2016 UT 41, ¶ 18, 384 P.3d 221. Because Federated is not a citizen of Utah and because Federated did not hold the causes of action at the time they accrued, the exception did not apply in *Libby* and does not apply here.

reference to applicable choice-of-law rules or is dictated simply by the longstanding 'place of performance' test.").

¶7     Federated distinguishes the present case from *Libby* on a single ground. In contrast to its position in *Libby*, Federated does not concede that its causes of action flowing from this contract arose in Pennsylvania.[3] Instead, Federated contends that, based on the language of the contract, the causes of action pleaded in the complaint arose in Utah. Federated relies on the Controlling Law & Jurisdiction Clause in the contract, which contained choice-of-law, forum-selection, and personal-jurisdiction provisions:

> CONTROLLING LAW AND JURISDICTION. This Agreement shall be governed solely by and interpreted entirely in accordance with the laws of the State of Utah, . . . regardless of where you reside . . . . YOU CONSENT TO PERSONAL JURISDICTION IN THE STATE AND FEDERAL COURTS IN UTAH AND AGREE THAT ANY LAWSUIT PERTAINING TO THE ACCOUNT MUST BE BROUGHT ONLY IN SUCH COURTS IN UTAH, REGARDLESS OF WHO FILES THE SUIT, AND MAY BE MAINTAINED ONLY IN THOSE COURTS UNLESS AND UNTIL ANY PARTY ELECTS ARBITRATION PURSUANT TO THE ARBITRATION PROVISION IN THIS AGREEMENT.

(Capitalization in original.) Federated reasons that, because the contract specified that it would be governed by Utah law, any

---

3. We note that this case, and the related cases we also decide today, had already been dismissed by the time the supreme court issued its decision in *Libby*.

breach of the contract should be deemed to have occurred in Utah. On this basis, Federated contends on appeal that its causes of action arose in Utah and that the district court was wrong to grant summary judgment in favor of Deutsch.

## I. Preservation

¶8 We will generally only address issues on appeal that have been properly preserved. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 ("Issues that are not raised at trial are usually deemed waived."); *see also Wohnoutka v. Kelley*, 2014 UT App 154, ¶¶ 3–4, 330 P.3d 762. Here, Federated's specific legal theory was not preserved for appeal, because Federated never presented this theory or the underlying line of reasoning to the district court. *See Prime Ins. Co. v. Graves*, 2016 UT App 23, ¶ 9, 367 P.3d 1029 (explaining that "the appellant must present the legal basis for a claim, not merely the underlying facts or a tangentially related claim," to preserve it for appeal (quotation simplified)); *see also State v. Johnson*, 2017 UT 76, ¶ 14 n.2, 416 P.3d 443 (noting that when an appellant raises an "entirely distinct legal theory" on appeal, the appellant has raised a "new claim or issue" rather than merely an argument in support of an existing issue). To reach this conclusion, we first examine the filings and arguments made by the parties below. We then consider whether the policies underlying the preservation rule are implicated.

¶9 Federated sued Deutsch in November 2013, alleging that he had breached the credit card contract in March 2008. The complaint's statement of jurisdiction alleged that jurisdiction flowed from the contract's Controlling Law & Jurisdiction Clause:

> 2. Pursuant to the terms and conditions of the [contract], [Deutsch] consented to personal jurisdiction in the State of Utah and the [contract] is

governed solely by and interpreted entirely in accordance with the laws of the State of Utah.

3. Accordingly, jurisdiction is obtained and venue is properly set in the Third Judicial District, Salt Lake County in the State of Utah.

We note that Federated's complaint did not allege that the Utah district court had jurisdiction because the causes of action arose in Utah as a result of the parties' consent to Utah courts' jurisdiction.

¶10 We next consider whether Federated presented such a legal theory to the district court during the summary judgment proceedings. Deutsch moved for summary judgment, conceding the applicability of the Controlling Law & Jurisdiction Clause but arguing that the proper application of Utah's borrowing statute mandated dismissal because the causes of action were time-barred in Pennsylvania. In its memorandum in opposition to summary judgment, Federated did not explicitly assert that the borrowing statute was inapplicable because the causes of action actually arose in Utah. Instead, Federated argued that "Utah's borrowing statute should not be construed to rewrite the forum-selection clause of the agreement." In Federated's view, because Deutsch "ha[d] not challenged the enforceability of the forum-selection clause[, t]here is no question that Utah's procedural rules govern Federated Capital's claim." In other words, Federated argued that the forum-selection provision of the Controlling Law & Jurisdiction Clause meant that Utah's procedural rules, including Utah's statutes of limitations, governed any lawsuit arising from the contract. But this argument did not set forth a theory that the Controlling Law & Jurisdiction Clause actually changed the place of breach, i.e., *where* the causes of action arose. The memorandum in opposition thus did not "specifically raise[]" this issue, let alone provide

"support[] by evidence and relevant legal authority."[4] *See Johnson*, 2017 UT 76, ¶ 15 (quotation simplified). Consequently, the memorandum did not preserve the issue for appeal.

¶11 Federated also claims that Deutsch's reply to the memorandum in opposition "acknowledged Federated raised the same issue it is arguing on appeal," i.e., whether the cause of action arose in Utah as a result of the Controlling Law & Jurisdiction Clause. Specifically, Federated highlights the sentence, "Federated then claims that the account agreement 'states otherwise' implying that since the agreement contains a forum selection clause for Utah, the cause of action for non-payment must have arose in Utah." It is true that this sentence appears to concern the issue presented on appeal. But we do not believe that a brief mention in the defendant's reply memorandum can satisfy the plaintiff's preservation-burden of arguing the issue and providing supporting legal authority. *See Johnson*, 2017 UT 76, ¶ 15 ("To provide the court with this opportunity, the issue must be *specifically* raised *by the party asserting error*, in a timely manner and *must be supported by evidence and relevant legal authority*." (emphases added) (quotation simplified)).

¶12 We next consider whether Federated raised the legal theory at the summary judgment hearing. The hearing addressed the motions for summary judgment in this case and two others, all of which had nearly identical filings. The

---

4. On appeal, Federated identifies three cases that, in its view, support the proposition that a cause of action "arises" in the jurisdiction whose law applies to the case. Federated's memorandum in opposition to summary judgment did not present this proposition or cite any of the three cases. The omission strongly suggests that Federated did not present this argument to the district court.

defendants had made payments electronically and those payments had been routed through Utah. Federated argued that the routing of the payments had changed the place of performance to Utah and thus that the causes of action in those cases had arisen in Utah:

> I don't believe [the] cause of action arose in another jurisdiction for the two cases where electronic payments were made to Utah. And even if they were, I believe all of them, all these three cases[,] the borrowing statute shouldn't apply based on that second prong where a cause of action was not brought in Pennsylvania because of lapse of time. That simply wasn't the case. . . . A cause of action or a case could not have been brought in Pennsylvania. It had to be brought in Utah based on the agreement of the parties. And based on that we think [Utah's] six-year statute should apply, your Honor.

On appeal, Federated characterizes this as an argument "that the borrowing statute did not apply because, by contract, the case arose in Utah."

¶13    We do not agree. We read this portion of the transcript to make two arguments based on the premise that the causes of action arose where the contract was to be performed, i.e., in Pennsylvania. Neither argument presented to the district court the legal theory now before us: whether the Controlling Law & Jurisdiction Clause changed the legal place of breach such that the causes of action arose in Utah.

¶14    First, Federated argued that the place of performance changed to Utah as a result of electronic payments being routed through Utah; thus, the causes of action arose in Utah because Utah was the place of performance in those cases. This position

accepted the premise that the place of performance determined where the causes of action arose. In contrast, Federated now contends that the place of performance was irrelevant to determining where the causes of action arose. The argument that routing payments through Utah changed the place of performance to Utah did not preserve a claim that the Controlling Law & Jurisdiction Clause meant that any breach-of-contract cause of action arose in Utah, because it did not bring the latter legal theory to the district court's attention such that the court had the opportunity to rule on it. *See Johnson*, 2017 UT 76, ¶ 15.

¶15    Second, Federated made essentially the same argument to the district court as it presented in *Federated Capital Corp. v. Libby*. Specifically, Federated asserted "that the borrowing statute applies only where a cause of action that arises in another jurisdiction is 'not actionable by reason of the lapse of time,' and is thus inapplicable here since it was the forum selection clause that rendered Federated's claims not actionable in Pennsylvania." *See Federated Capital Corp. v. Libby*, 2016 UT 41, ¶ 8, 384 P.3d 221. In other words, Federated claimed that, because it could file suit only in Utah, the claims were not barred by any Pennsylvania statute of limitations.[5] This second argument does not specifically suggest that the causes of action *arose* in Utah by operation of the choice-of-law provision; rather, it posited only that the causes of action were *actionable* solely in Utah by operation of the forum-selection clause.

---

5. The supreme court rejected this argument, holding that the borrowing statute "unambiguously applies *whenever* a cause of action is 'not actionable by reason of the lapse of time,' regardless of whether some independent reason also renders a cause of action 'not actionable.'" *Federated Capital Corp. v. Libby*, 2016 UT 41, ¶ 24, 384 P.3d 221 (quotation simplified).

¶16    We have examined the transcript carefully but do not see where Federated "specifically raised" a claim that the causes of action legally arose in Utah because the parties selected Utah law as controlling the place of breach. *See Johnson*, 2017 UT 76, ¶ 15; *see also Thomas v. Mattena*, 2017 UT App 81, ¶ 8, 397 P.3d 856 (explaining that preservation requires that the legal basis of a claim be presented to the district court and not merely the underlying facts or a tangentially related claim); *cf. Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 6, 330 P.3d 762 (noting that it is not the duty of the appellate court to "scour the record to save an appeal"). Nor do we see where Federated supported such an argument below with "relevant legal authority." *See Johnson*, 2017 UT 76, ¶ 15. Indeed, Federated's arguments below mirrored those made in *Libby*[6] and largely rested on the position that, regardless of where the causes of action arose, the claims were actionable only in Utah due to the forum-selection clause.

¶17    We recognize that "issues must be preserved, not arguments for or against a particular ruling on an issue raised below." *See Gressman v. State*, 2013 UT 63, ¶ 45, 323 P.3d 998 (quotation simplified). The words "issue" and "argument," however, are not dispositive; in addressing preservation, "Utah courts have conflated the words issue, claim, argument, and matter." *Patterson v. Patterson*, 2011 UT 68, ¶ 15, 266 P.3d 828 (quotation simplified); *see also id.* ¶ 17 ("This court and the Utah Court of Appeals have on countless occasions exercised our discretion to refuse to consider new issues, arguments, claims, or matters on appeal."). As a result, "semantics alone cannot be our guide in applying our preservation rule." *Id.* ¶ 15. Instead, to properly apply the preservation rule, we must consider the role

---

6. The notice of appeal in the current case was filed two years before the Utah Supreme Court issued *Libby*.

of the policies of judicial economy and fairness underlying the rule. *Id.*

¶18    The policy of judicial economy seeks to avoid "unnecessary appeals and retrials" by giving "the trial court an opportunity to address the claimed error, and if appropriate, correct it." *Id.* (quotation simplified). And the policy "requires that a party must present his entire case and his theory of recovery to the trial court." *Id.* (quotation simplified). As explained above, Federated did not assert to the district court the legal theory now before us—that a choice-of-law provision in a contract sets the place of breach such that the case actually arose in Utah. Instead, Federated argued to the district court that the second element of the borrowing statute was unsatisfied because the suit was rendered non-actionable in Pennsylvania by reason of the forum-selection provision rather than by the lapse of time. *See supra* ¶ 5 (describing the borrowing statute's elements); ¶¶ 12, 15 (examining Federated's argument below). Federated's failure to raise the "place of breach" legal theory below thereby frustrated the policy of judicial economy.

¶19    The policy of fairness is also implicated. "It generally would be unfair to reverse a district court for a reason presented first on appeal." *Patterson*, 2011 UT 68, ¶ 16. This is because, had the contention now before us been raised below, Deutsch "might have countered the argument, potentially avoiding the time and expense of appeal." *See id.* But because Federated only argued to the district court that Utah law applied and did not make a claim that the suit arose in Utah pursuant to the Controlling Law & Jurisdiction Clause, Deutsch had no opportunity to counter such a claim and thereby avoid the costs of an additional three years of appellate litigation.

¶20    We conclude that allowing Federated to contend on appeal that a choice-of-law provision also sets the place of any

breach would violate both of the policies on which the preservation rule rests. Consequently, regardless of whether it is properly characterized as an issue or an argument, we deem the contention unpreserved.

¶21   "When an issue has not been preserved in the trial court, but the parties argue that issue on appeal, the parties must argue an exception to preservation for the issue to be reached on its merits." *Johnson*, 2017 UT 76, ¶ 47. Federated does not assert that an exception to the preservation rule applies here. We therefore decline to reach the merits on this issue.

## II. Attorney Fees Incurred on Appeal

¶22   Deutsch contends that he should be awarded his reasonable attorney fees and costs incurred on appeal. "Under Utah's reciprocal attorney fee statute, courts may award attorney fees to the prevailing party of a contract dispute so long as the contract provided for the award of attorney fees to at least one of the parties[.]"[7] *Federated Capital Corp. v. Haner*, 2015 UT App 132, ¶ 11, 351 P.3d 816; *see also* Utah Code Ann. § 78B-5-826 (LexisNexis 2012). Here, the contract provided for an award of attorney fees to Federated, and the district court awarded attorney fees to Deutsch based on the reciprocal attorney fee statute. "A party entitled by contract or statute to attorney fees

---

7. Utah's reciprocal attorney fee statute provides,

> A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.

Utah Code Ann. § 78B-5-826 (LexisNexis 2012).

below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Haner*, 2015 UT App 132, ¶ 19 (quotation simplified). Deutsch has prevailed on appeal, and we therefore award Deutsch his reasonable attorney fees incurred in connection with this appeal in an amount to be determined by the district court on remand.

CONCLUSION

¶23    We conclude that Federated did not preserve the issue it presents on appeal—namely, that Utah's borrowing statute was inapplicable because the causes of action actually arose in Utah pursuant to the Controlling Law & Jurisdiction Clause—because Federated did not squarely raise this legal theory in the district court proceedings such that the court had an opportunity to rule on it.

¶24    Affirmed.

_____